UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**GREGORY R. SCHMITT,**
    **Petitioner,**

  v.                Case No. 11-C-0065

**DEIRDRE MORGAN, Warden,**
**Oakhill Correctional Institution,**
    **Respondent.**

---

## DECISION AND ORDER

  Gregory R. Schmitt has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2007 conviction in Milwaukee County Circuit Court of operating a motor vehicle while under the influence of an intoxicant. He raises four issues in his petition: (1) the criminal complaint was defective because it did not state the results of his blood-alcohol test result; (2) the complaining witness, Brian Morgan, was not present when the blood was drawn; (3) the criminal complaint did not indicate whether the blood-alcohol test was analyzed by a reliable laboratory; and (4) the criminal complaint did not indicate whether the blood-alcohol test was performed by a reliable analyst. Obviously, none of these four issues implicates federal rights, and so they do not give rise to viable claims for habeas relief. See, e.g., Perruquet v. Briley, 390 F.3d 505, 511 (7th Cir. 2004) ("The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene."). However, liberally construed, the petition arguably states one federal claim: that Schmitt's post-conviction counsel was ineffective in failing to raise trial counsel's ineffectiveness in failing to object to the fact that the criminal

complaint did not state the results of the blood-alcohol test. As discussed below, this claim has been procedurally defaulted. Alternatively, the claim fails on the merits.

## I.  BACKGROUND

On April 5, 2008, Schmitt pleaded guilty to operating a motor vehicle while under the influence of an intoxicant, in violation of Wis. Stat. § 346.63(1)(a). Following the guilty plea, conviction and sentencing, the public defender appointed post-conviction counsel for Schmitt. Counsel filed a notice of no-merit appeal in the trial court. He then filed a no-merit report in the Wisconsin Court of Appeals. The Court of Appeals notified Schmitt of his right to respond to the no-merit report, but Schmitt did not file a response. The Court of Appeals conducted its own review of the case and concluded that there were no arguably meritorious issues. Schmitt did not seek review of the Court of Appeals's decision in the Wisconsin Supreme Court.

On January 7, 2010, Schmitt filed a pro se state petition for habeas corpus in the Wisconsin Court of Appeals alleging that his appellate counsel was ineffective in failing to raise the fact that the criminal complaint did not contain the results of the blood-alcohol test. The Court of Appeals denied that petition on the ground that Schmitt was really challenging the effectiveness of appellate counsel in his post-conviction capacity, and that therefore he was required to file a motion for post-conviction relief in the trial court pursuant to State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675 (Ct. App. 1996). Schmitt sought review of this determination in the Wisconsin Supreme Court, but that court denied review.

On August 2, 2010, Schmitt filed a post-conviction motion in the trial court pursuant to Rothering challenging the effectiveness of appellate counsel in his post-conviction

2

capacity. The trial court denied this motion for two different reasons: (1) Schmitt waived his ineffective-assistance claim by not raising it in response to counsel's no-merit report on direct appeal, and (2) the claim failed on the merits. Schmitt did not appeal this determination to either the Wisconsin Court of Appeals or the Wisconsin Supreme Court. Instead, he commenced the present habeas action.

## II. DISCUSSION

Respondent argues that Schmitt has procedurally defaulted his ineffective-assistance claim based on the failure to challenge the sufficiency of the criminal complaint by not appealing the trial court's denial of his Rothering motion to the Wisconsin Court of Appeals and Wisconsin Supreme Court. A habeas petitioner is required to assert his federal claims through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. See, e.g., Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004). This means that the petitioner must raise his claims at each and every level in the state-court system. Id. A habeas petitioner who has exhausted his state-court remedies without properly asserting his federal claims at each level of state-court review has procedurally defaulted those claims. Id. at 1026. A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, or that the denial of relief will result in a miscarriage of justice. Id.

In the present case, Schmitt did not appeal the denial of his Rothering motion to the Wisconsin Court of Appeals and the Wisconsin Supreme Court. Thus, he has not asserted his ineffective-assistance-of-post-conviction-counsel claim through one complete round of

3

state-court review. Moreover, it does not appear that Schmitt could assert that claim in either the Wisconsin Court of Appeals or the Wisconsin Supreme Court at this time. Therefore, Schmitt has procedurally defaulted the claim. He has not shown cause and prejudice or that the denial of habeas relief will result in a miscarriage of justice, and therefore I will not set aside the default.

Alternatively, Schmitt's claim fails on the merits. Wisconsin law does not require the results of a blood-alcohol test to be included in the criminal complaint. Indeed, the case that Schmitt cites in support of the proposition that such results must be included in the complaint, State v. Zempel, 224 Wis. 2d 644, 1999 WL 33496 (Ct. App. 1999), stands for the exact opposite proposition. In that case, the court held that "[a] blood alcohol test result is not a necessary element of proof in an [operating while intoxicated] prosecution," and that therefore such results did not need to be included in the criminal complaint. Id. at *3. Thus, trial counsel's failure to object to the failure to include Schmitt's blood-alcohol test results in the criminal complaint was not deficient performance, and therefore trial counsel was not constitutionally ineffective. See Strickland v. Washington, 466 U.S. 668 (1984). Thus, post-conviction counsel's failure to raise trial counsel's ineffectiveness as an issue in a post-conviction motion was likewise not deficient performance. Accordingly, had Schmitt not defaulted his ineffective-assistance-of-post-conviction-counsel claim, I would have denied it on the merits.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the

4

Rules Governing § 2254 Cases, I find that petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that petitioner's motion for an extension of time to file his reply brief is **DENIED** as **MOOT**, as petitioner filed his reply brief by the previously established deadline.

**FINALLY, IT IS ORDERED** that petitioner's motion for a decision is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2012.

s/_____
LYNN ADELMAN
District Judge